IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| LARON M. JONES, | |
|---|---|
| Petitioner, | 8:18CV411 |
| vs. | |
| STATE OF NEBRASKA, SCOTT R. FRAKES, Director, Nebraska Correctional Services; and MICHELL CAPPS, Warden, Nebraska State Penitentiary; | MEMORANDUM AND ORDER |
| Respondents. | |

This matter is before the court on preliminary review of Petitioner Laron M. Jones' Amended Petition for Writ of Habeas Corpus[1] (filing no. 10) brought pursuant to 28 U.S.C. § 2254. The purpose of this review is to determine whether Petitioner's claims, when liberally construed, are potentially cognizable in federal court. Condensed and summarized for clarity, Petitioner's claims are:

Claim One: Petitioner was denied effective assistance of counsel and a fair trial because *trial counsel* (1) failed to suppress, object to, and properly impeach the identification testimony of witnesses Alanna Delany, Saraha Richards, Dale Gaver, and Giovanni Barrios (filing no. 10 at CM/ECF pp. 21–34); (2) failed to file a motion to dismiss (*id.* at CM/ECF pp. 34–35); (3) failed to properly investigate and call numerous witnesses provided to

---

[1] The court determined that Petitioner's original habeas petition (filing no. 1) was deficient since it was not signed under penalty of perjury. (*See* Filing No. 9.) From the court's review, it is clear that Petitioner's amended petition incorporates all of the same claims from his original petition. Thus, the court considers the amended petition as superseding the original petition. *See* NECivR 15.1(b).

|                | counsel by Petitioner who were important to Petitioner's alibi defense (*id.* at CM/ECF pp. 36–41); and (4) generally failed to conduct an adequate pretrial investigation and to gather defense evidence (*id.* at CM/ECF pp. 41–45). |
|---|---|
| Claim Two: | Petitioner's right to due process was violated when the prosecution failed to disclose (1) the recording of Petitioner's police interview and (2) the photographic line up shown to Jenna McBride in violation of *Brady*. (*Id.* at CM/ECF pp. 63–67.) |
| Claim Three: | Petitioner was denied effective assistance of counsel because *appellate* counsel failed to raise on direct appeal that trial counsel was ineffective (1) for the reasons set forth in Claim One and (2) for failing to raise *Brady* violations. (*Id.* at CM/ECF pp. 69–70.) |
| Claim Four: | Petitioner was denied due process and the right to a fair trial because (1) Nebraska's second-degree murder statute is facially unconstitutional as it does not provide fair warning sufficient to prevent arbitrary enforcement (*id.* at CM/ECF pp. 73–89) and (2) the substantive change to the elements of second degree murder and sudden quarrel manslaughter is a new rule of constitutional law that should be applied retroactively to Petitioner (*id.* at CM/ECF pp. 93–95). |
| Claim Five: | Petitioner was denied due process and the right to a fair trial because the trial court committed plain error in giving Jury Instruction No. 8. (*Id.* at CM/ECF pp. 99–101.) |

| | |
|---|---|
| Claim Six: | Petitioner was denied the right to a fair trial because the state district court presiding over Petitioner's postconviction proceedings: (1) erred in finding that issues raised by Petitioner in his postconviction motion were or could have been litigated on direct appeal (*id*. at CM/ECF pp. 96–98); (2) committed plain error in denying Petitioner's postconviction motion (*id*. at CM/ECF pp. 101–02); and (3) committed plain error in determining that DNA placed Petitioner at the scene of the crime (*id*. at CM/ECF pp. 102–03). |

**With the exception of Claim Six**, the court determines that Petitioner's claims, when liberally construed, are potentially cognizable in federal court. However, the court cautions Petitioner that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought. Claim Six is not a cognizable habeas corpus claim because it is based on errors in the state postconviction proceedings. Errors during state postconviction review are not cognizable in a federal habeas corpus action. *See Jenkins v. Houston*, 4:05CV3099, 2006 WL 126632 (D. Neb. 2006) (collecting cases). **Claim Six is dismissed.**

Petitioner also requests the appointment of counsel. (Filing No. 3.) "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an

evidentiary hearing is warranted). The court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time. Petitioner's motion is denied without prejudice to reassertion.

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion for Appointment of Counsel (filing no. 3) is denied without prejudice to reassertion.

2. Upon initial review of the habeas corpus petition (filing no. 10), the court preliminarily determines that Petitioner's claims, as they are set forth in this Memorandum and Order, are potentially cognizable in federal court with the exception of Claim Six. **Claim Six is dismissed**.

3. By **February 4, 2019**, Respondents must file a motion for summary judgment or state court records in support of an answer. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **February 4, 2019**: deadline for Respondents to file state court records in support of answer or motion for summary judgment.

3. If Respondents elect to file a motion for summary judgment, the following procedures must be followed by Respondents and Petitioner:

> A. The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.
>
> B. The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

4

C. Copies of the motion for summary judgment, the designation, including state court records, and Respondents' brief must be served on Petitioner *except* that Respondents are only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondents' motion and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the court.

E. No later than 30 days after Petitioner's brief is filed, Respondents must file and serve a reply brief. In the event that Respondents elect not to file a reply brief, they should inform the court by filing a notice stating that they will not file a reply brief and that the motion is therefore fully submitted for decision.

F. If the motion for summary judgment is denied, Respondents must file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondents are warned that failure to file an answer, a designation and a**

> **brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

4. If Respondents elect to file an answer, the following procedures must be followed by Respondents and Petitioner:

   A. By **February 4, 2019**, Respondents must file all state court records that are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

   B. No later than 30 days after the relevant state court records are filed, Respondents must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

   C. Copies of the answer, the designation, and Respondents' brief must be served on Petitioner at the time they are filed with the court *except* that Respondents are only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondents' answer and brief. In the event that the designation of state court records is deemed

insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days after Respondents' brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the court.

E. No later than 30 days after Petitioner's brief is filed, Respondents must file and serve a reply brief. In the event that Respondents elect not to file a reply brief, they should inform the court by filing a notice stating that they will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **March 4, 2019**: check for Respondents' answer and separate brief.

5. No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Dated this 19th day of December, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge